## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MAUREEN CLARK, *et al.,* | ) |
| | ) |
| Plaintiffs, | ) No. 22 CV 4778 |
| | ) |
| v. | ) Hon. Andrea R. Wood |
| | ) |
| JB PRITZKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT STATE BOARD OF ELECTIONS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

### INTRODUCTION

*Pro Se* Plaintiffs[1] Maureen E. Clark, Rochelle M. May, James R. Stirn, and Jeneane L. Ferguson bring suit under Section 1983 alleging that Defendants JB Pritzker and the Illinois State Board of Elections violated their First Amendment, Fifteenth Amendment, Equal Protection and Due Process rights by "not following through on the Illinois State Board of Elections own legislative department's recommendations to implement legislation to address known vulnerabilities with Dominion Image Cast X system component that can result in vote spoilage."

---

[1] Under Federal Rule of Civil Procedure 11(a), all pleadings must be signed by the party personally if the party is unrepresented. The Complaint is signed only by Plaintiff Maureen E. Clark. ECF No. 1 at 5. The remaining plaintiffs' names are listed in the case caption and on a page of the Complaint titled "Complaint Form – Supplemental Information." *Id.* at 6. Plaintiff Rochelle M. Maly is identified in only the case caption on the supplemental form. *Id.* Plaintiffs James R. Stirn and Jeneane L. Ferguson are listed in the body of the Complaint Form- Supplemental Information. *Id.* None of them sign the complaint besides Plaintiff Clark, nor do they provide an address, e-mail address, and phone numbers as required by Rule 11(a). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

ECF. No. 1 at ¶ 10. Plaintiffs further allege that Title 26 § 213.50 of the Illinois Administrative Code violates the Elections Clause of Article I, Section 4 of the United States Constitution because it "results in a centralized voting process, abdicating primary responsibility for the administration of elections to the Federal Government." ECF No. 1 at 6, ¶ 6.

Defendant Illinois State Board of Elections ("SBE") is the unit of Illinois state government responsible for implementing and enforcing the provisions of the Illinois Election Code. SBE is a neutral entity and takes no position on the merits of the claims in this action. However, all of Plaintiffs' claims against the SBE should be dismissed because they are barred by the Eleventh Amendment. Further, SBE adopts and incorporates by reference the arguments regarding Plaintiffs' lack of standing in Defendant JB Pritzker's Memorandum in Support of His Motion to Dismiss Plaintiffs' Complaint. All of Plaintiffs' claims against SBE should be dismissed with prejudice.

## ARGUMENT

### I.     The Eleventh Amendment bars Plaintiffs' claims against the State Board of Elections.

Plaintiffs' claims against SBE are barred by the Eleventh Amendment. Here, Plaintiffs assert claims against SBE, a state agency, but it is well-established that the Eleventh Amendment provides immunity to states and state agencies (as "arms of the state"). *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748 (7th Cir. 2005) (citing *Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991) and *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). Moreover, the Supreme Court has determined that neither a State nor its agencies are "persons" subject to suit under Section 1983. *Will*, 491 U.S. at 71; *see also Kroll*, 934 F.2d at 910 n.7 (noting, as an alternative basis for dismissal, that "a state agency with eleventh amendment immunity. . . is not a 'person' within the meaning of section 1983"). Plaintiffs' claims against SBE

2

should be dismissed with prejudice because they are barred by the Eleventh Amendment, and also because the SBE is not a "person" subject to suit under Section 1983.

**II.      SBE adopts the Governor's arguments regarding Plaintiffs' lack of standing.**

SBE adopts and incorporates by reference the arguments regarding Plaintiffs' lack of standing from Defendant JB Pritzker's memorandum in support of his motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant State Board of Elections respectfully requests that the Court grant its motion to dismiss.

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

By:      /s/ *Marci L. Sahinoglu*
Marci L. Sahinoglu
Assistant Attorney General
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
312.814.3131
marci.sahinoglu@ilag.gov

*Counsel for Defendants*