## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MAUREEN CLARK, *et al.,* ) | |
| ) | |
| Plaintiffs, ) | No. 22 CV 4778 |
| ) | |
| v. ) | Hon. Andrea R. Wood |
| ) | |
| JB PRITZKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SBE DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**INTRODUCTION**

*Pro Se* Plaintiffs Maureen E. Clark, Rochelle M. May, James R. Stirn, and Jeneane L. Ferguson have filed a 32-page Amended Complaint containing 167 numbered paragraphs and 63 footnotes citing to external sources. ECF No. 25. However, despite the voluminous information added, Plaintiffs' Amended Complaint suffers from the same infirmities that doomed their original Complaint.

Plaintiffs claim that Defendants JB Pritzker and various Illinois State Board of Elections board members and employees violated their First and Fifteenth Amendment rights to vote, as well their equal protection and due process rights, by "not following through […] to implement legislation to address known vulnerabilities with Dominion Image Cast X system component that can result in vote spoilage." ECF. No. 25 ¶¶ 2, 5. Plaintiffs further allege that Title 26 § 213.50 of the Illinois Administrative Code is unconstitutional because it "results in a centralized voting

1

process, abdicating primary responsibility for the administration of elections to the Federal Government, in violation of Article I, Section 4, cl. 1.1. to the United States Constitution." ECF No. 25 ¶ 9. Plaintiffs seek injunctive relief that "none of the voting systems in the state be used for another election and the electronic voting system be replaced with a hand-counted secure paper ballot manual reporting process beginning with the mid-term elections in 2022." *Id.* ¶ 166.

The Amended Complaint replaces the Illinois State Board of Elections ("SBE") with 19 individual SBE board members and employees in their official capacities (collectively, "the SBE Defendants"). ECF No. 25 ¶¶ 10-33. The SBE is the Illinois state agency responsible for general supervision over the administration of the registration and election laws throughout the State. Ill. Const., Art. III, ¶5. SBE is a bipartisan board with non-partisan employees who, in their official capacities, take no position on the merits of the claims in this action. *See* 10 ILCS 5/1A-2, 1A-13. However, Plaintiffs' claims against all of the SBE Defendants should be dismissed for two reasons. First, Plaintiffs plead only conclusions and have therefore not met the relevant pleading standard. Second, Plaintiffs lack standing to bring their claims. The SBE Defendants therefore adopt and incorporate by reference Sections I and II of Defendant JB Pritzker's Memorandum in Support of His Motion to Dismiss Plaintiffs' Amended Complaint. ECF No. 32 at 5-11.[1]

Further, under *Ex parte Young,* several of the SBE Defendants should be dismissed because Plaintiffs do not allege any facts that they have any decision-making role in the manner in which elections are conducted. In short, they would not be able to effectuate the injunctive relief Plaintiffs seek, and should therefore be dismissed. The SBE Defendants that should be dismissed are (1) Matt Dietrich, Freedom of Information/Public Information Officer; (2) Abby Beaty, Grants Program Manager; (3) Marni M. Malowitz, General Counsel; (4) Tom Newman, Director,

---

[1] Page numbers refer to the ECF page number.

Division of Campaign Disclosure; (4) Brent Davis, Director, Division of Election Operations; (5) Darrin Barnes, Chief Information Officer, Division of Information Technology; (6) Angela Ryan[2], Legislative Director; and (7) Clayton Nicholson[3], Interim Chief Information Officer, Division of Information Technology.

**ARGUMENT**

**I.    The SBE Defendants adopt the Governor's arguments regarding Plaintiffs pleading only conclusions and Plaintiffs' lack of standing.**

The SBE Defendants adopt and incorporate by reference the arguments regarding Plaintiffs pleading only conclusions and Plaintiffs' lack of standing in Defendant JB Pritzker's memorandum in support of his motion to dismiss Plaintiffs' Amended Complaint. ECF No. 32 at 5-11 (Sections I and II).

**II.   Several of the SBE employee defendants have no connection with voting systems approval and should be dismissed pursuant to *Ex parte Young*.**

Plaintiffs' claims against SBE in their original complaint were barred by the Eleventh Amendment. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as a defendant is proscribed by the Eleventh Amendment."); *Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 906-907 (7th Cir. 1991). In their Amended Complaint, Plaintiffs have dropped their claim against SBE itself and instead assert claims against 19 SBE board members and employees. ECF No. 25 ¶¶ 10-33. However, a number of the SBE employee defendants are not proper defendants under *Ex parte Young*.

---

[2] Angela Ryan is no longer Legislative Liaison (what Plaintiffs have labeled as "Legislative Director"). That position has been filled on an interim basis by Brian Pryor.
[3] Clayton Nicholson is no longer interim Chief Information Officer. Clayton Nicholson is now Voter Registration Team Lead within the Division of Voting and Registration Systems.

"In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer *must have some connection with the enforcement of the act*, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. 123, 157 (1908) (emphasis added); *see also Sherman v. Community Consolidated. School District 21 of Wheeling Township*, 980 F.2d 437, 441 (7th Cir. 1992). To determine whether a party has some connection with the enforcement of the act, "courts look at the official's duties and powers under state law[,] an inquiry that may closely overlap with the causation and redressability inquiries for standing." *Deida v. City of Milwaukee*, 192 F. Supp. 2d 899, 914 (E.D. Wis. 2002). Although *Ex parte Young* discusses a general duty to enforce the laws, 209 U.S. at 160, "many district courts in this circuit have stated that a general duty to enforce the laws is insufficient to make an official subject to suit under *Ex Parte Young*." *Deida*, 192 F. Supp. 2d at 914 (collecting cases). Plaintiffs lack standing, as discussed fully in Defendant Pritzker's memorandum (ECF No. 32 at 5-11), and the Amended Complaint is silent regarding the duties and responsibilities of these SBE employees.

The following SBE employee defendants have no connection with effectuating the change in voting systems Plaintiffs seek: (1) Matt Dietrich, Freedom of Information/Public Information Officer[4]; (2) Abby Beaty, Grants Program Manager[5]; (3) Marni M. Malowitz, General Counsel[6];

---

[4] *See* https://www.elections.il.gov/Main/FOIA.aspx (last visited April 24, 2023). This Court may take judicial notice of this information and other sources cited in this brief, as they are public records "not subject to reasonable dispute." *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012). *See also Marciniak v. Brennan*, No. 16-CV-4178, 2017 WL 8200181, at *9 (N.D. Ill. Dec. 14, 2017) (taking judicial notice of contents of EEOC website when deciding summary judgment motion); *Uncommon, LLC v. Spigen, Inc.*, 305 F. Supp. 3d 825, 839 (N.D. Ill. 2018), *aff'd*, 926 F.3d 409 (7th Cir. 2019) ("This Court may take "judicial notice of public records and government documents, including those available from reliable sources on the Internet.")

[5] *See* https://www.elections.il.gov/AboutTheBoard/DivGrantsProgram.aspx (last visited April 24, 2023).

[6] *See* https://www.elections.il.gov/AboutTheBoard/DivGeneralCounsel.aspx (last visited April 24, 2023).

(4) Tom Newman, Director, Division of Campaign Disclosure[7]; (4) Brent Davis, Director, Division of Election Operations[8]; (5) Darrin Barnes, Chief Information Officer, Division of Information Technology[9]; (6) Angela Ryan, Legislative Director[10]; and (7) Clayton Nicholson[11], Interim Chief Information Officer, Division of Information Technology .[12] Nor do Plaintiffs allege that they have any such connection. ECF No. 25. These defendants would not be able to effectuate the injunctive relief Plaintiffs seek, and they should be dismissed. accordingly.

## CONCLUSION

For the foregoing reasons, the SBE Defendants respectfully requests that the Court grant their motion to dismiss Plaintiffs' Amended Complaint. In addition, Defendants Dietrich, Beaty, Malowitz, Newman, Davis, Barnes, Ryan, and Nicholson should be dismissed from this case as improper defendants under *Ex parte Young*.

---

[7] *See* https://www.elections.il.gov/AboutTheBoard/DivCampaignDisclosure.aspx (last visited April 24, 2023).

[8] *See* https://www.elections.il.gov/AboutTheBoard/DivElectionOperations.aspx (last visited April 24, 2023).

[9] *See* https://www.elections.il.gov/AboutTheBoard/DivInformationTechnology.aspx (last visited April 24, 2023).

[10] *See* https://www.elections.il.gov/AboutTheBoard/DivLegislativeAffairs.aspx (last visited April 24, 2023).

[11] *See* note 3 above.
[12] *See* note 7 above.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| KWAME RAOUL<br>Attorney General of Illinois | By: | /s/ *Marci L. Sahinoglu*<br>Marci L. Sahinoglu<br>Assistant Attorney General<br>100 W. Randolph Street, 13th Floor<br>Chicago, Illinois 60601<br>312.814.3131<br>marci.sahinoglu@ilag.gov<br><br>*Counsel for Defendants* |